UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AKF, INC. D/B/A FUNDKITE,

    Plaintiff,

v.

ROYAL PETS MARKET & RESORT HOLDINGS, LLC, ROYAL PETS MARKET & RESORT PINELLAS, LLC, ROYAL PETS MARKET & RESORT MIDTOWN, LLC, ROYAL PETS MARKET & RESORT D & B HOLDINGS, LLC, ROYAL PETS MARKET & RESORT ST. PETERSBURG, LLC, ROYAL PETS MARKET & RESORT ENTERPRISES, LLC, DENISE WOLIN also known as DENISE WOLIN-GORE, and BRYAN MCGOLDRICK,

    Defendants.
_____/

Case No. 8:23-mc-00016-MSS-AEP

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Writ of Garnishment (Doc. 15). A judgment in the amount of $386,643.71 was entered in Plaintiff's favor in the action between the parties on April 10, 2023 in the United States District Court for the Northern District of New York, which was subsequently registered in the District Court for the Middle District of Florida on July 6, 2023 (Doc. 1). *See* 28 U.S.C. § 1963. According to Plaintiff, the judgment, plus post-judgment interest, remains unsatisfied. Plaintiff requests that the Court

issue a writ of garnishment directed to Garnishee E-Trade Financial Corporate Services, Inc. in order to recover on the outstanding judgment against Defendants Bryan McGoldrick and Denise Wolin a.k.a. Denise Wolin-Gore.

Pursuant to Rule 69, Federal Rules of Civil Procedure, courts must follow state law regarding execution of a judgment. Fed. R. Civ. P. 69(a)(1). In Florida, recovery of a money judgment via a writ of garnishment is permissible. *See* Fla. Stat. § 77.01 *et. seq.* Courts therefore may enforce the judgment through a writ of garnishment pursuant to Florida law.

However, Plaintiff does not address whether this Court has jurisdiction to issue a writ of garnishment to the garnishee. A writ of garnishment will only be enforceable within the bounds of the federal district in which it was issued. *See JPI Partners, LLC v. Dixon*, No. 6:07-MC-77-ORL-22DAB, 2008 WL 2185744, at *2 (M.D. Fla. 2008) (considering a writ of execution); *Lapinski v. St. Croix Condo. Ass'n., Inc.*, No. 6:16-cv-1418-Orl-40GJK, 2019 WL 1491568, at *1 (M.D. Fla. Jan. 24, 2019) (denying motion for writ of garnishment because the garnishee was located in the Southern District of Florida and thus, the court lacked jurisdiction to issue the writ). In issuing a writ of garnishment, the court must not only have personal jurisdiction over the garnishee, but it also must have jurisdiction over the property to be garnished. *Lapinski*, 2019 WL 1491568 at *1 (citing *Skulas v. Loiselle*, No. 09-60096-CIV, 2010 WL 1790439, at *2-3 (S.D. Fla. April 9, 2010)).

Here, Plaintiff moves this Court to issue a writ of garnishment directed to E-Trade Financial Corporate Services, Inc., the garnishee. In Plaintiff's proposed writ,

Plaintiff lists E-Trade Financial Corporate Services, Inc.'s registered agent's address as 1200 South Pine Island Road, Plantation, FL 32301. However, this address is not located in the Middle District of Florida, but rather, in the Southern District of Florida. Thus, Plaintiff has not demonstrated that this Court has jurisdiction to issue a writ of garnishment to a garnishee located outside this Court's jurisdictional boundaries.

Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion for Writ of Garnishment (Doc. 15) is DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Tampa, Florida, on this 11th day of September, 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record